IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| JAMES EDWARD DEARING, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CV 119-105 |
| RICHARD ROUNDTREE; CAPTAIN REEVES; CAPTAIN WHITE; ALAN ALSPAUGH, JR.; DEPUTY JAILER BROWN; and TYEDON BURTON, | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, a pretrial detainee at Charles B. Webster Detention Center in Augusta, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

## I. SCREENING OF THE COMPLAINT

### A. BACKGROUND

Plaintiff names as Defendants: (1) Richard Roundtree, Sheriff of Richmond County; (2) Captain Reeves; (3) Captain White; (4) Alan Alspaugh, Jr., Deputy Jailer; (5) Deputy Jailer Brown; and (6) Tyedon Burton, pretrial detainee. (Doc. no. 1, pp. 3-5.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On May 9, 2018, while detained at Charles B. Webster Detention Center, Plaintiff was

cleaning his room, located in "F" Pod, during mandatory one-hour free time. (Doc. no. 1, p. 6.) According to the detention center's policies and procedures, Plaintiff should be free of any physical contact by other inmates. (Id.) However, while Plaintiff was cleaning, Deputy Jailer Brown and Deputy Jailer Alspaugh, Jr., allowed Defendant Burton, a pretrial detainee, to have unattended and unrestrained access to Plaintiff, which lead to Defendant Burton attacking Plaintiff by punching his head. (Id.) Deputy Jailers Alspaugh, Jr., and Brown failed to properly follow policies and procedures, as well as uphold the Georgia state law as county sheriff deputies, to prevent Plaintiff from being attacked by Defendant Burton. (Id. at 6, 9-10.) Defendant Burton acted in concert with Deputy Jailers Alspaugh, Jr., and Brown to violate detention center policies and procedures. (Id. at 10.) Defendant Burton is a pretrial detainee formally charged with battery. (Id.)

After the attack, the detention center's medical unit treated Plaintiff's injuries. (Id. at 6.) Due to the severity of the injuries, Plaintiff was transported to Augusta University Hospital for further medical care, where he was diagnosed with a broken nose and a facial laceration under his eye. (Id.)

On May 10, 2019, an inmate named "Hood," who was under protective custody in "H" Pod, attacked Plaintiff because Deputy Jailer Seemore failed to follow the policies and procedures of the detention center. (Id. at 7.) Plaintiff alleges Sheriff Roundtree, as Sheriff of Richmond County, is responsible for operation of the detention center and failed to uphold its policies and procedures. (Id.) Specifically, Sheriff Roundtree failed to ensure the detention center's policies and procedures are enforced by staff, deputy jailers, sergeants, captains, and other inmates. (Id.) Many of the detention center's personnel fail to follow the policies and

procedures. (Id. at 8.)

Captain Reeves is responsible for security, but he failed to uphold its policies and procedures. (Id.) Captain Reeves knew or should have known the injuries suffered by Plaintiff on May 9, 2018 and May 10, 2019, were the result of Deputy Jailers Alspaugh, Jr., Brown, and Seemore's failure to follow proper policies and procedures. (Id.) Captain Reeves did not properly address Deputy Jailers Alspaugh, Jr., Brown, and other deputies fail to follow the policies and procedures. (Id.)

Captain White, like Captain Reeves, is responsible for detention center's security, but he failed to uphold its policies and procedures and knew or should have known the injuries sustained by Plaintiff were caused by Defendant Burton and the failures of Deputy Jailers Alspaugh, Jr., Brown, and Seemore's failures to follow proper policies and procedures. (Id. at 8-9.) Captain White never took any steps after Plaintiff's attacks to prevent further harm. (Id. at 9.)

For relief, Plaintiff requests $5,000,000 in compensatory damages from each Defendant, and he requests $15,000,000 in punitive damages from Sheriff Roundtree, Captain Reeves, Captain White, Deputy Jailer Alspaugh, Jr., and Deputy Jailer Brown each. (Id. at 12.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact."

Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal

4

construction does not mean that the court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Defendants for Violating the Detention Center's Policies and Procedures

Plaintiff alleges Defendants violated Charles B. Webster Detention Center polices and procedures generally for not keeping Plaintiff safe from physical contact by other pre-trial detainees. (Doc. no. 1, pp. 6-10.) An allegation of non-compliance with a prison or jail regulation by prison and jail officials is not, in itself, sufficient to give rise to a claim upon which relief may be granted. See Sandin, 515 U.S. at 481-82 (noting many prison regulations are "primarily designed to guide correctional officers in the administration of a prison" and "such regulations are not designed to confer rights on inmates); Taylor v. White, Civ. No. 11-0377-CG-N, 2012 WL 404588, at *5 (S.D. Ala. Jan. 10, 2012) ("A claim based on a prison official's failure to follow prison regulations or state regulations, without more, simply does not state a claim for deprivation of a constitutional right."), adopted by, 2012 WL 403849 (S.D. Ala. Feb. 7, 2012). Accordingly, Plaintiff has failed to state a claim upon which relief may be granted against Defendants based on any alleged violation of Charles B. Webster Detention Center polices and procedures.

### 3. Plaintiff Fails to State a § 1983 Claim Against Defendant Burton Because He Is Not a State Actor

Plaintiff fails to state a viable § 1983 claim against Defendant Burton because he is a pretrial detainee and not a state actor. To establish a § 1983 claim, a plaintiff must show "the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or

laws of the United States." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Consequently, "'the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.'" Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1277 (11th Cir. 2003) (quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999)).

However, a private actor may qualify as a "state actor" for purposes of § 1983 if one of three conditions is met: "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ('State compulsion test'); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ('public function test'); or (3) 'the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise[]' ('nexus/joint action test')." Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) (quoting NBC, Inc. v. Communications Workers of America, 860 F.2d 1022, 1026-27 (11th Cir. 1988)). Because nothing in Plaintiff's complaint establishes Defendant Burton was working under color of state law, Plaintiff fails to state a §1983 claims against Defendant Burton.

### 4. Sheriff Roundtree, Captain Reeves, and Captain White Cannot Be Held Liable Based on a Theory of Supervisory Liability

Plaintiff's complaint fails to state a claim against Sheriff Roundtree, Captain Reeves, and Captain White because he is attempting to hold them liable merely in light of their supervisory positions. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation

6

omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013). Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold Sheriff Roundtree, Captain Reeves, and Captain White liable, Plaintiff must demonstrate either (1) he actually participated in the alleged constitutional violation, or (2) there is a causal connection between his actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

Plaintiff alleges Sheriff Roundtree, Captain Reeves, and Captain White are liable for failing to uphold the policies and procedures of the detention center, Georgia state law, and the Georgia and United States Constitutions. (Doc. no. 1, pp. 7-9.) In conjunction, Plaintiff alleges Sheriff Roundtree failed to take the necessary steps to ensure enforcement of these policies and procedures, Captain Reeves and White knew or should have known the injuries sustained by Plaintiff from the attacks were because of detention center personnel not following policy and procedure, and Captain White failed to take preventative measures after the attacks. (Id.) However, as stated in § I.B.2, *supra*, allegations of non-compliance with prison or jail

7

regulations is not sufficient to give rise to a claim. At most, Plaintiff alleges Sheriff Roundtree, Captain Reeves, and Captain White were not present for the attacks or had any involvement in the attacks but are vicariously liable for their subordinates not following policies and procedures. (See doc. no. 1, p. 7-9.)

Plaintiff must allege a causal connection between Sheriff Roundtree, Captain Reeves, and Captain White and the asserted constitutional violations, i.e. the attacks on Plaintiff. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)).

The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff fails to allege facts sufficient to support the necessary causal connection. Plaintiff does not allege any facts to show a history of widespread abuse sufficient to put

Sheriff Roundtree, Captain Reeves, and Captain White on notice of attacks to Plaintiff or other detainees generally. Plaintiff also does not allege Sheriff Roundtree, Captain Reeves, and Captain White directed subordinates to act unlawfully or knew they would do so and failed to act in an appropriate manner. Likewise, he does not allege Sheriff Roundtree, Captain Reeves, and Captain White created or endorsed polices and procedures allowing attacks on detainees, and instead he actually admits the policies and procedures were adequate and created to prevent such attacks. (Doc. no. 1, pp. 6-10.) At most, Plaintiff's alleges Sheriff Roundtree, Captain Reeves, and Captain White did not enforce the policies and procedures of the detention center to Plaintiff's liking. However, there is no claim for non-compliance of prison or jail regulations. Therefore, Plaintiff fails to allege the necessary causal connection.

In sum, Plaintiff has not shown Sheriff Roundtree, Captain Reeves, and Captain White actually participated in the alleged constitutional violation; nor has Plaintiff drawn the necessary causal connection to any alleged constitutional violation. Therefore, Plaintiff fails to state a claim upon which relief can be granted against Sheriff Roundtree, Captain Reeves, and Captain White, and they should be dismissed from the case.

### 5. Plaintiff Fails to State a Claim Based on Deliberate Indifference to a Substantial Risk of Serious Harm Against Deputy Jailers Alspaugh, Jr. and Brown

Plaintiff alleges Deputy Jailers Alspaugh, Jr. and Brown's failure to follow detention center policies and procedures by allowing Defendant Burton to enter "F" Pod and attack Plaintiff violated his constitutional rights.[1] "A prison official's 'deliberate indifference' to a

---

[1]The Fourteenth Amendment Due Process Clause, rather than the prohibition on cruel and unusual punishment found in the Eighth Amendment, governs pretrial detainee claims; however, the nomenclature need not delay the Court because the standards are the same.

substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828 (1994) (citations omitted). Accordingly, a prison inmate has a constitutional right to be protected from violence and from physical assault by other inmates. Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) (*per curiam*); Gullatte v. Potts, 654 F.2d 1007, 1012 (5th Cir. Unit B Aug. 1981). [2] When officials become aware of a threat to an inmate's health and safety, the Eighth Amendment imposes a duty to provide reasonable protection. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (*per curiam*). However, "[t]his does not mean that the constitutional rights of inmates are violated every time a prisoner is injured. It would not be reasonable to impose such an absolute and clearly unworkable responsibility on prison officials." Gullatte, 654 F.2d at 1012. "[T]here must be at least some allegation of a conscious or callous indifference to a prisoner's rights" that would raise the tort to the level of a constitutional violation in order to state a section 1983 cause of action against prison officials for cruel and unusual punishment. Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982) (citations omitted).

"Although 'prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners,' not every instance of inmate on inmate violence 'translates into constitutional liability for prison officials responsible for the victim's safety.'" Terry v. Bailey, 376 F. App'x 894, 895 (11th Cir. 2010) (*per curiam*) (citing Farmer, 511 U.S. at 833-34). To establish an Eighth Amendment claim, a prisoner "must allege facts sufficient to

---

Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007).

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

10

show (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016) (internal quotations omitted). These three elements are evaluated in part by an objective standard and in part by a subjective standard. See Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014).

> As the Eleventh Circuit explained,
>
> When examining the first element—a substantial risk of serious harm—the court uses an objective standard. The second element—the defendant's deliberate indifference to that risk—has two components: one subjective and one objective. To satisfy the subjective component, a plaintiff must produce evidence that the defendant actually (subjectively) kn[ew] that an inmate [faced] a substantial risk of serious harm. To satisfy the objective component, a plaintiff must produce evidence that the defendant disregard[ed] that known risk by failing to respond to it in an (objectively) reasonable manner.

Id. (internal citations and quotations omitted).

Mere negligent failure to protect and inmate from an attack does not justify § 1983 liability. Brown, 894 F.2d at 1537. Stated otherwise, Eighth Amendment liability cannot be based on simple negligence or lack of due care, but rather requires some sort of conscious disregard of a serious and imminent risk. Farmer, 511 U.S. at 835-39; see also Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995) (requiring a plaintiff to show "more than mere negligence," and stating that courts are to look for "obduracy and wantonness, not inadvertence or error in good faith.").

Plaintiff merely alleges Deputy Jailers Alspaugh, Jr. and Brown were working "F" Pod and did not stop Defendant Burton from entering and attacking Plaintiff. (Doc. no. 1, pp. 6, 9-10.) Plaintiff does not allege Deputy Jailers Alspaugh, Jr. and Brown knew of a problem between Plaintiff and Defendant Burton, or that letting Defendant Burton into "F"

11

Pod would result in an attack. Cf. Carter v. Galloway, 352 F.3d 1346, 1349-50 (11th Cir. 2003) (*per curiam*) (requiring "much more than mere awareness" of an inmate's generally problematic nature to impose liability for failing to protect against attack). Because Plaintiff does not allege Deputy Jailers Alspaugh, Jr. and Brown had any knowledge Defendant Burton was dangerous and would attack Plaintiff, the complaint fails to show they had subjective knowledge of a substantial risk of harm.

### 6. Any Potential State Law Claims Should Be Dismissed

To the extent Plaintiff may have any viable state law claims regarding the events alleged in his complaint, such as the attack by Defendant Burton, those should be dismissed so that Plaintiff may pursue them in state court. Pursuant to 28 U.S.C. § 1331, District Courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." Section 1331 provides the Court authority to rule in a § 1983 case. Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, § 1367(c)(3) states that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ." Id. § 1367(c)(3) (emphasis added).

Indeed, a District Court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists. See Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000) (directing dismissal of state law claims when case "retains no independent basis for federal jurisdiction"); see also Republic of Panama v. BCCI Holdings

(Luxembourg) S.A., 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the . . . defendants, the district court correctly dismissed its remaining state law claims against these defendants."). Accordingly, any potential state law claims Plaintiff believes he may have should be dismissed so that he may, if he chooses, pursue them in state court.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and this civil action be **CLOSED**.

SO REPORTED this 26th day of September, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA